UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILIP STOTT,<br><br>　　　　　　　　Petitioner,<br>　v.<br>JAMES DZURENDA, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:19-cv-00133-MMD-WGC<br><br>ORDER |

This *pro se* habeas petition pursuant to 28 U.S.C. § 2254 comes before the Court for consideration of Petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1), motion for appointment of counsel (ECF No. 1-2), and for initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Following review of Petitioner's pauper application, the Court finds that Petitioner cannot pay the filing fee. The application for leave to proceed *in forma pauperis* will therefore be granted, and Petitioner will not be required to pay the $5 filing fee.

Turning to Petitioner's motion for appointment of counsel, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

The petition in this case is sufficiently clear in presenting the issues that Petitioner wishes to raise, and the issues are not complex. Therefore, the Court concludes that

1 counsel is not justified in this case, and the motion for appointment of counsel will be
2 denied.

3 Following review of the Petition, the Court will direct service and a response.

4 It is therefore ordered that Petitioner's application for leave to proceed *in forma*
5 *pauperis* (ECF No. 1) is granted. Petitioner will not be required to pay the filing fee.

6 It is further ordered that Petitioner's motion for appointment of counsel (ECF No.
7 1-2) is denied.

8 It is further ordered that the Clerk of the Court file the Petition (ECF No. 1-1).

9 It is further ordered that the Clerk file the motion for appointment of counsel (ECF
10 No. 1-2) and indicate on the docket that the motion has been denied by way of this order.

11 It is further ordered that the Clerk add Aaron D. Ford as attorney for Respondents
12 and informally electronically serve the Nevada Attorney General with a copy of the
13 Petition and this order.

14 It is further ordered that Respondents will have 60 days from entry of this order
15 within which to answer or otherwise respond to the Petition. Petitioner will have 30 days
16 from the filing of an answer to file a reply. The time limits for responding and replying to
17 any motion filed in lieu of an answer will be governed instead by LR 7-2(b). Any response
18 filed must comply with the remaining provisions below.

19 It is further ordered that any procedural defenses raised by Respondents in this
20 case must be raised together in a single consolidated motion to dismiss. Respondents
21 must not file a response in this case that consolidates their procedural defenses, if any,
22 with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any
23 unexhausted claims clearly lacking merit. If Respondents do seek dismissal of
24 unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to
25 dismiss not in the answer; and (b) they shall specifically direct their argument to the
26 standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614,
27 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by
28 motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents file a set of state court exhibits relevant to the response filed to the Petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that counsel additionally send a hard copy of all exhibits filed to, for this case, the Las Vegas Clerk's Office.

DATED THIS 2nd day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE