3         UNITED STATES DISTRICT COURT
4              DISTRICT OF NEVADA
5                      * * *

| | |
|---|---|
| PHILIP STOTT, | Case No. 3:19-cv-00133-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Respondents. | |

*Pro Se* Petitioner Philip Stott, a Nevada prisoner, filed a petition for habeas corpus under 28 U.S.C. § 2254 in March 2019 ("2019 Petition"). (ECF No. 4.) Before the Court is Respondents' Motion to Dismiss ("Motion"). (ECF No. 8).[1] For the reasons discussed below, Respondents' Motion is granted.

## I. BACKGROUND[2]

### A. Stott's Criminal Case

Stott challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County. In July 2010, Stott entered a guilty plea to two counts of burglary. (ECF No. 11-12.) The state court adjudicated Stott a habitual criminal on the basis of 14 prior felony convictions in California and sentenced him to a term of ten years to life on one count, and a concurrent term of 48 to 120 months on the other. (ECF No. 12-6.) The judgment of conviction was entered on October 26, 2010. (*Id.*) Stott appealed. (ECF No. 12-7.) The Nevada Supreme Court affirmed his conviction on September 14,

---

[1]The Court has reviewed Petitioner's response. (ECF No. 22.) Respondents did not file a reply and the deadline to do so expired without any request for extension.

[2]This procedural history is derived from the state court record located at ECF Nos. 11–19, 23, and 25.

2011. (ECF No. 13-11.)

**B.     State Post-Conviction Proceedings**

Stott filed a *pro se* state petition for writ of habeas corpus on December 16, 2011, seeking post-conviction relief. (ECF No. 13-15.) After counsel was appointed, Stott filed a counseled supplemental petition. (ECF No. 13-44.) The state court held an evidentiary hearing and denied the state petition. (ECF No. 13-53; ECF No. 14-2.) Stott appealed. (ECF No. 14-6.) The Nevada Court of Appeals affirmed the denial of relief. (ECF No. 15-7.) A remittitur issued on April 11, 2016. (ECF No. 15-9.)

Eighteen months later, Stott filed a motion for modification of sentence on October 12, 2017. (ECF Nos. 15-15, 15-16.) The *pro se* motion sought relief based on the retroactive reclassification of 11 of Stott's 14 prior felonies as misdemeanors pursuant to a new California law known as "Proposition 47."[3] The state court denied the motion, acknowledging that California reduced 11 of Stott's 14 felony convictions to misdemeanors but holding that Stott did not allege or show that, at the time of sentencing, the court sentenced him pursuant to materially false assumptions of fact regarding his criminal record. (ECF No. 15-25.) Stott appealed. (ECF No. 15-26.) The Nevada Court of Appeals affirmed the state court's ruling. (ECF No. 19-4.) A remittitur issued on October 17, 2018. (ECF No. 19-6.)

Stott filed a *pro se* petition for resentencing on October 29, 2018. (ECF No. 19-10.) He claimed he was entitled to resentencing because Nevada law recognizes the retroactive effect of Proposition 47. The state court denied this petition, finding that California law is not binding on Nevada courts, and even if it was, Proposition 47 was

---

[3] On November 4, 2014, California voters enacted "Proposition 47," The Safe Neighborhoods and Schools Act, codified at Cal. Penal Code § 1170.18 *et seq*. Once the voters approved Proposition 47, it "became a duly enacted constitutional amendment or statute." *Hollingsworth v. Perry*, 570 U.S. 693, 707 (2013) (internal quotations omitted). Proposition 47 permitted individuals who have completed sentences for certain felony offenses to apply for a reduction of their felony convictions to misdemeanors. Cal. Penal Code § 1170.18(f). Proposition 47 also allowed individuals still serving sentences for a felony conviction reduced to a misdemeanor under the new law to petition for a recall of the sentence and request resentencing. Cal. Penal Code § 1170.18(a).

2

1 inapplicable because Stott was "not serving time for the 11 convictions that [were] reclassified pursuant to Proposition 47, instead he [was] serving time for his convictions of burglary and being found a habitual criminal pursuant to NRS 207.010(1)(b)." (ECF No. 19-16.) Stott appealed. The Nevada Supreme Court dismissed the appeal for lack of jurisdiction. (ECF No. 19-24.) A remittitur issued on March 29, 2019. (ECF No. 19-33.)

### C. Federal Habeas Proceedings

On January 27, 2017, Stott initiated his first federal habeas corpus proceeding. *See Stott v. Wickham*, 3:17-cv-0081-MMD-VPC, ECF No. 1 ("2017 Case").[4] Respondents moved to dismiss the federal petition as unexhausted and non-cognizable. Stott opposed by requesting leave to amend and a stay and abeyance. Stott sought a stay to exhaust a claim regarding California Proposition 47—which was not alleged in his federal petition—and, once it was exhausted, he would ask to reopen the 2017 Case and amend his petition to include that claim.

Respondents' dismissal motion was granted in part and denied in part. (2017 Case, ECF No. 26.) The Court dismissed three claims as non-cognizable and found that two were unexhausted. (*Id.* at 9.) The Court denied Stott's request for a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), finding that he failed to show good cause. (*Id.* at 6–8.) The Court noted that California reclassified all but one of Stott's felony convictions in February 2016—well before Stott filed his federal petition—and the last was

---

[4]Stott's first federal petition alleged seven grounds: (1) NRS 207.010 does not permit a life sentence enhancement on a category B felony, in violation of due process under the Fifth Amendment; (2) the state court violated his due process rights under the Fifth Amendment when it considered more prior convictions than contemplated by NRS 207.010; (3) the state court abused its discretion and violated his due process rights under the Fifth Amendment by failing to dismiss the habitual criminal count and running his sentences consecutively; (4) in seven prior convictions, Stott was not informed that such convictions could later be used to justify a life sentence, which violated his due process rights under the Fifth Amendment; (5) his life sentence pursuant to NRS 207.010 is unconstitutional as applied to him, in violation of the Eighth Amendment prohibition against cruel and unusual punishment; (6) he was coerced into pleading guilty by the prosecutor and trial counsel with the threat of a life sentence without the possibility of parole, in violation of his due process rights under the Fifth Amendment and right to effective counsel under the Sixth Amendment; and (7) trial counsel failed to consult with him regarding multiple continuances of his preliminary hearing, in violation of his rights to a speedy trial and effective counsel under the Sixth Amendment. (*See* 2017 Case, ECF No. 6.)

reclassified in April 2017. However, Stott did not attempt to exhaust his Proposition 47 claim until filing the motion for modification of sentence in October 2017. Stott was thus directed to either: (1) move to dismiss his unexhausted claims; (2) move to dismiss the entire petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for other appropriate relief, including a renewed motion for a stay and abeyance. (*Id.* at 9.)

Stott asked the Court to dismiss his federal petition without prejudice to allow him to return to the state court to exhaust his unexhausted claims. (2017 Case, ECF No. 27.) Respondents did not oppose. (2017 Case, ECF No. 28.) The Court granted Stott's request in September 2018, dismissing the federal petition in the 2017 Case without prejudice. (2017 Case, ECF No. 30.)[5]

On March 8, 2019, Stott returned to this Court, initiating the current federal habeas corpus proceeding *pro se*. (*See* ECF No. 1.) His 2019 Petition alleges one ground for relief based on his Fifth, Sixth, and Fourteenth Amendment rights to due process and equal protection ("Proposition 47 Claim"). (ECF No. 4 at 3–11.) Stott alleges that the habitual criminal adjudication and resulting sentence are unconstitutional because California reclassified 11 of his 14 felony convictions as misdemeanors under Proposition 47 and his life sentence is no longer authorized under Nevada law. (*Id.*)

Respondents move to dismiss the 2019 Petition as untimely and unexhausted. (ECF No. 8.)

**II.     TIMELINESS**

    **A.     Legal Standard**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates:

(A) the date on which the judgment became final by the conclusion of direct

---
[5]Stott did not appeal the judgment in the 2017 Case.

4

review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The AEDPA limitations period is tolled while a "properly filed application" for post-conviction relief is pending before a state court. 28 U.S.C. § 2244(d)(2). No statutory tolling is allowed for the period of time between finality of the appeal and the filing of a petition for post-conviction relief or other collateral review in state court, because no state court application is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). No statutory tolling is allowed for the period between the finality of an appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007. The AEDPA limitation period is not tolled during the time that a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Under Ninth Circuit precedent, a motion to correct or vacate an illegal sentence in Nevada constitutes a "properly filed" application for collateral relief and results in statutory tolling when it challenges the same judgment as the judgment the federal petition challenges. *Tillema v. Long*, 253 F.3d 494, 499 (9th Cir. 2001). However, an application for state post-conviction relief does not toll the AEDPA statute of limitations where it is filed after AEDPA's one-year limitation has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

**B.     Stott's Federal Petition is Untimely**

Respondents correctly point out that the 2019 Petition is untimely. Under § 2244(d)(1)(A), Stott's conviction became final when the time expired for filing a petition for writ of certiorari to the United States Supreme Court on December 13, 2011. AEDPA's statute of limitations began running the next day. Stott timely filed the state petition on

December 16, 2011, stopping the AEDPA clock. Two days elapsed between the finality of the judgment and the filing of the state petition. The remaining 363 days of AEDPA limitations period was statutorily tolled period during the pendency of all proceedings related to the state petition. Tolling ended when the remittitur issued for the Nevada Court of Appeals' order of affirmance on April 11, 2016. The AEDPA clock restarted the following day and expired 363 days later on April 10, 2017. The AEDPA deadline was not tolled during the pendency of the 2017 Case. *See Walker*, 533 U.S. at 181–82. Additionally, the October 2017 motion for modification of sentence and October 2018 petition for resentencing did not toll AEDPA's deadline because they were filed six and 18 months after AEDPA's deadline had expired. *See Ferguson*, 321 F.3d at 823.

The 2019 Petition is also untimely when his deadline is measured under § 2244(d)(1)(D) (starting the clock on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Under § 2244(d)(1)(D), the limitations period begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

The enactment of Proposition 47 and the resulting reclassification of Stott's California convictions are the factual predicate for the Proposition 47 Claim he alleges in the 2019 Petition. Although the state record does not pinpoint the exact date he learned of the new law, Stott clearly knew of Proposition 47 no later than the date he sought relief in California Superior Court—February 24, 2016. (*See* Petitions to Designate Charges in the Complaint, Information, or Indictment as Misdemeanors (PC 1170.18(f)), Ex. 124, ECF No. 15-16 at 1–6.) His petitions were granted two days later on February 26, 2016. (*Id.*) Pursuant to § 2244(d)(1)(D), the latest date on which Stott knew of the factual predicate for his Proposition 47 Claim was February 26, 2016. If AEDPA's one-year statute of limitation began to run from that date, the deadline to file his Proposition 47 Claim would have been February 27, 2017—even earlier than the April 10, 2017 deadline calculated

under § 2244(d)(1)(A).[6] AEDPA requires that the one-year limitation period runs from the latest of the four triggering dates, which was the date of finality under § 2244(d)(1)(A); thus, Stott's filing deadline was April 10, 2017.

Stott argues that the AEDPA deadline did not begin to run until after the Nevada Supreme Court dismissed his appeal regarding the petition for resentencing.[7] (ECF No. 22 at 8–9.) This assertion fails because the Nevada Supreme Court's dismissal order is not the factual predicate of his claim, it is Proposition 47 and the resulting reclassification of Stott's California convictions. Additionally, statutory tolling was not available because the April 2017 AEDPA deadline expired before Stott filed the October 2017 motion for modification of sentence or October 2018 petition for resentencing. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (holding that a state post-conviction petition filed after the expiration of AEDPA's statute of limitations and could not toll an already expired limitations period).

Absent a basis for tolling or delayed accrual, the Court concludes that the 2019 Petition is time-barred.

**C.      Stott has not Demonstrated an Entitlement to Equitable Tolling**

The Supreme Court has held that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence'." *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011

---

[6]Because the 365th day fell on a weekend, Stott would have had until the following Monday, February 27, 2017, to file his federal petition.

[7]A remittitur was issued for his appeal on March 29, 2019 (ECF No. 19-29); thus, his petition in the 2019 action, filed March 8, 2019, would be timely.

(9th Cir. 2009)). Accordingly, he must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g.*, *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (untimeliness must be "caused by an external impediment and not by [petitioner's] own lack of diligence"); *Lott v. Mueller*, 304 F.3d 918, 922–23 (9th Cir. 2002) (court must examine whether, notwithstanding extraordinary circumstances, the petitioner could have filed a timely petition). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quotation omitted).

Stott argues that Proposition 47 was an intervening change in law and the statute of limitations is "misguided under the circumstances of this case." (ECF No. 22 at 2.) The Court construes his arguments as a request for equitable tolling. Stott asserts that AEDPA's time limitation should not bar his 2019 Petition because he timely asked the California courts for reclassification once he learned of Proposition 47 and his applications for collateral relief before the state court—the motion to modify sentence and petition for resentencing—were not subject to time limitations.

Stott is not entitled to equitable tolling because he cannot show that an extraordinary circumstance stood in his way and prevented timely filing. *See Holland*, 560 U.S. at 649; *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017) (a petitioner must show that the "extraordinary circumstances" were the *cause* of his untimeliness). Stott does not allege that any extraordinary circumstance stood in his way to prevent him from filing the Proposition 47 Claim, and the record indicates that his access to the courts was not obstructed in any way. After California voters approved Proposition 47, Stott was able to file multiple applications for collateral relief and related appeals in the California Superior Court and Nevada courts between February 2016 and March 2019 when he filed the 2019 Petition. Equitable tolling is thus unavailable.

8

## III. CERTIFICATE OF APPEALABILITY

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has interpreted § 2253(c) as follows: "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

Applying this standard, the Court finds that a certificate of appealability is unwarranted in this case. The Court will therefore deny Stott a certificate of appealability.

## IV. CONCLUSION

In accordance with the foregoing, it is therefore ordered that Respondents' motion to dismiss (ECF No. 8) is granted.

It is further ordered that Petitioner's petition for writ of habeas corpus (ECF No. 4) is dismissed with prejudice as time-barred.

It further is ordered that a certificate of appealability is denied, as reasonable jurists would not find the district court's dismissal of the federal petition as untimely to be debatable or wrong, for the reasons discussed herein.

The Clerk of Court is instructed to enter final judgment accordingly, in favor of Respondents and against Stott, dismissing this action with prejudice and close this case.

DATED THIS 16th day of March 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE